*1460 OPINION

Per Curiam:

The following opinion and judgment of the court constitutes an unprecedented but necessary response to a certain document filed by the dissenting justice and two disqualified justices in one of the court’s administrative files on September 15, 1995. The document in question purports to be an “order” declaring actions of this court to be “void,” and otherwise overruling substantive rulings of the constitutionally-empaneled court sitting in this case. Because two of the justices who signed the mentioned order were disqualified to act in this case, because notice and due process were denied to both parties to this action, the Judicial Discipline Commission and Judge Whitehead, and because the mentioned justices are in a position of conflict of interest, the “order” appearing in the form of the mentioned administrative document must be declared null and of no force or effect.
On September 15, 1995, the dissenting justice, Justice Shearing, and the disqualified justices, Justices Young and Rose, signed and filed an “administrative” document that bears the title, “Order Granting Petition and Vacating Order Appointing Special Master[1].” The referenced document purports, unlawfully, to nullify and set aside a previous judgment of this court granting a motion filed by petitioner Whitehead. This court ruled in July, 1994, as follows:
A special master shall hereafter be appointed by the court and shall be specially empowered by further and specific order of this court to conduct such investigations as shall be necessary to determine the sources of the unlawful breaches of confidentiality that have occurred in these proceedings and the extent to which they may have impacted Petitioner’s due process rights.
The September 15, 1995 document purports to overrule the decision above-quoted, and, additionally, purports to “declareQ void the ‘Order Appointing Special Master’ entered in Docket No. 24598” (the above-captioned matter). Neither counsel for the Commission nor Judge Whitehead was given any notice or the due process right to be heard prior to the signing and administrative filing of the mentioned “order” which purports to counter-vene the “law of the case” in this matter and to declare vital aspects of the decisions of the Whitehead court to be void. In addition to the other infirmities inherent in the September 15 *1461 document, the signing justices are in a position of conflict of interest, which prevents them from acting to stop the investigation in progress at the time the September 15 document was filed. (See Master’s Report attached and made a part hereof.)
In addition to filing the subject September 15 document, the two disqualified justices (Justices Young and Rose) have recently announced their intention to go beyond merely declaring the appointment of the special master void in this case. Justices Young, Rose and Shearing have recently announced their intention to sign, on December 15, 1995, another similar administrative “order,” at another “administrative conference,” in which the three justices propose to declare “that the authority and existence of the Whitehead panel be terminated formally to end the existence of a legal body whose time has come and gone.”
In sum, then, the dissenting justice, Justice Shearing, and the two justices who were heretofore disqualified from sitting in this case, Justices Young and Rose, have, without any authority for doing so, signed an “administrative” order that pretends to reverse and invalidate significant rulings of the Whitehead court. The same three justices have recently announced their intention to sign another similar “administrative order” which would purport to disband and terminate “the authority and existence” of the court as constituted in this case. The only basis presented by Justices Young, Rose and Shearing for their attempts to reverse the judgment of the court is their unsupported (and unsupportable) statement that this court’s orders relative to the appointment of a master were in some unstated way, “done without legal authority.” The stated reason for trying to dissolve this panel of the court is that the existence of the panel should be terminated because its “time has come and gone.”
There is no need to cite legal authority for the proposition that disqualified justices are not empowered to alter the formal adjudications made by the court in this case. It would be idle for anyone to argue that disqualified justices have the legal power or authority to countermand a duly-entered judgment of this court under the guise of some supposed right inherent in their being elected members of the court. It is equally obvious that if the “order” of September 15, 1995, signed by Justices Young, Shearing and Rose had any conceivable legal effect (as it clearly does not), such an order would be clearly violative of the parties’ due process rights to notice and the opportunity to be heard. Seeing no need for further discussion of this matter, the court enters the following judgment:
1. The order signed by Justices Young, Shearing and Rose, filed on September 15, 1995, which declares certain judgments and orders of this court to be “void,” is hereby adjudged to be a nullity and of no legal force or effect.
*1462 2. Any attempts by the dissenting Justice Shearing or by the disqualified Justices Young and Rose, by way of “administrative conference” or otherwise, to “terminate” the existence of the Whitehead court, as constitutionally empaneled in this case under Article 6, Section 4 of the Nevada Constitution, are clearly beyond the authority of the mentioned justices, individually or as a group of three, and such attempts must be and will be ignored by the court as it is presently legally and constitutionally empaneled.
3. The order of September 1, 1995, appointing Herbert Ahlswede as special master, remains in full force and effect as it was at the time of its filing.
Steffen, C. J., Springer, J., and Zenoff, Sr. J.,[2] concur.
IN THE SUPREME COURT OF THE STATE OF NEVADA
Petition for an Order Rescinding Appointment of Special Master Entered September 1, 1995, and Voiding Associated Expenses.
ADKT No. 221
September 15, 1995
ORDER GRANTING PETITION AND VACATING ORDER APPOINTING SPECIAL MASTER
On September 7, 1995, the undersigned petitioned the elected justices of this court to review actions taken by a panel constituted to hear and decide the matter of Whitehead v. Nevada Commission on Judicial Discipline, Docket No. 24598. Our petition was prompted by the panel’s issuance of an order, signed by only two of the elected justices of this court, appointing a special master/prosecutor, and directing the expenditure of public funds to facilitate the special master/prosecutor’s activities. This order was entered by a majority of the panel constituted to hear and decide only the Whitehead matter. Because the order exceeds the panel’s jurisdiction to decide the case before it and purports to authorize the expenditure of public funds, we are compelled to act in our administrative capacity to protect this court’s resources and to govern the programs pursued by the court.
*1463 The administration of this court and the utilization of court resources must be authorized by at least three of the five elected Supreme Court Justices, i.e., a majority of this court. SCR 7(1); SCR 7(4). Any administrative action is null and void if a majority of the court disagrees with it. SCR 7(8). The Whitehead court issued its final decision in this matter on September 9, 1994. See Whitehead v. Comm’n on Jud. Discipline, 111 Nev. 70, 893 P.2d 866 n.1 (Adv. Opn. 11, February 24, 1995). The “Order Appointing Special Master,” was entered one year after entry of judgment in that matter “in the hope that effective measures will eventuate that will help to avoid future unwarranted degradation and erosion of the independence of the court and of the judicial system as a whole.” (Emphasis in the original.) The undersigned, a majority of the duly elected Supreme Court Justices, determine that the appointment of a special master/prosecutor and concomitant expenditure of funds serves no legitimate purpose and amounts to a gross waste of this court’s limited resources. We therefore declare void the “Order Appointing Special Master” entered in Docket No. 24598, and hereby prohibit the paymentof any cost or expenditure associated with the appointment of said special master/prosecutor.
It is so ORDERED.
I&l Young, V. C. J.
Is/ Shearing, J.
Is/ Rose, J.

 A copy of the subject order is attached to this opinion.